UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOLET CAPITAL CORP.,<br><br>       Plaintiff,<br><br>  v.<br><br>WALMART INC., and FLIPKART PRIVATE, LTD.<br><br>       Defendants. | Case No.: 1:18-cv-12380-PGG<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXTENSION OF TIME PURSUANT TO FED. R. CIV. P. 6 TO RESPOND TO THE COMPLAINT** |

Defendant Walmart Inc. ("Walmart") submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 6 for an extension of time until May 6, 2019, to respond to the Complaint of Plaintiff Wolet Capital Corp. ("WCC"), filed on December 31, 2018, and served on the New York Secretary of State on February 19, 2019.  Walmart makes this motion on the consent of WCC, and the parties have entered an agreed stipulation subject to Court approval.[1]

**PRELIMINARY STATEMENT AND BACKGROUND**

It is with acknowledgement of and apologies for its error that Walmart seeks relief for its tardiness in responding to the Complaint.  Although WCC evidently effected service on Walmart indirectly through service on the New York Secretary of State on February 19, 2019, which apparently then sent the Complaint to CT Corporation, Walmart itself only received the pleading from CT Corporation on or about March 22, 2019.  It appears the other defendant, Flipkart Private, Ltd. ("Flipkart"), has not been served, even though it is only Flipkart that has had any dealings

---

[1] A true and correct copy of the stipulation extending time to answer is attached to the Declaration of Hal S. Shaftel dated April 15, 2019, as **Exhibit B**.

1

with WCC.  Walmart only identified the deadline this weekend and promptly contacted outside counsel to address its mistake forthwith.

This case arises out WCC's claim that it provided Flipkart with M&A advisory services prior to Walmart's acquisition of Flipkart, which is based in India.  It appears the combination of service on Walmart indirectly through the Secretary of State and the fact that Flipkart, as the party with dealings with WCC, has not been served, led to the administrative failure on Walmart's part to recognize its deadline for responding to the Complaint.

Under applicable standards and the equities of the situation, a modest extension is warranted in the interests of justice until May 15, 2019.  No prejudice will inure to WCC, particularly since Flipkart has not yet been served.

## ARGUMENT

Under Fed. R. Civ. P. 6(b)(1)(B), "the court may, for good cause, extend the time" to respond to a pleading "on motion made after the time has expired if the party failed to act because of excusable neglect."  The Supreme Court termed this standard "an equitable one" and directed courts to examine four factors: "the danger of prejudice [], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  The Second Circuit has likewise "stated that [i]n determining whether or not there was 'excusable neglect' for purposes of Rule 60(b)(1) [a similar standard as Fed. R. Civ. P. 6], the district court is to consider the *Pioneer* factors." *William v. City of New York*, 727 F. App'x 30, 32 (2d Cir. 2018) (citing *United States v. Hooper*, 43 F.3d 26, 29 (2d Cir. 1994)) (internal citations omitted).

Moreover, a motion to file a late answer is analyzed under the "lenient standard of [Fed. R. Civ. P.] 55(c) for determining whether to relieve a party of a default," *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981), "since the party seeking to answer is given the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had then moved under Rule 55(c) to set it aside." *Packard v. City of New York*, No. 15-cv-07130, 2018 WL 2229123, at *1 (S.D.N.Y. Apr. 30, 2018) (quoting *Graves v. Corr. Med. Serv.*, No. 11-cv-01005, 2015 WL 1823456, at *2 (W.D.N.Y. Apr. 22, 2015). Under Fed. R. Civ. P. 55, "Whether good cause is deemed to have been shown depends on three considerations: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983). Under either standard, Walmart is entitled to its requested relief.

### A. WCC Faces No Risk of Prejudice.

As set forth in the allegations of the Complaint, WCC's discussions regarding the work it allegedly performed and its potential compensation were all with Flipkart, not Walmart. In fact, WCC does not allege a single interaction with Walmart directly. As a result, the case necessarily turns on WCC's interactions with Flipkart, which has not yet been served. Because the case cannot proceed without Flipkart (which WCC is in the process of serving), it has not faced any prejudice as a result of Walmart's delay in responding to the Complaint.

### B. The Length of Delay Has Been Comparatively Short.

As per the docket sheet, Walmart was supposed to respond to the Complaint by March 12, 2019. Doc. No. 11. Walmart brings this motion for an extension of time barely more than a month after the deadline and before any other proceedings in the case have taken place (and, without service on Flipkart, could have taken place).

### C. Walmart Has Good Reason for the Delay.

While it appears that Walmart missed the deadline by a month, in fact, Walmart only missed the deadline by a day. WCC served the Secretary of State on February 19.[2] In an undated and unsigned letter from the Department of State, Division of Corporations, the Complaint was served on CT Corporation. While Walmart does not know when CT Corporation received the Complaint, CT Corporation did not transmit the Complaint on to Walmart until on or about March 22. Even assuming it was received by Walmart on that day, the 21-day period to respond would have only run on Friday, April 12.

Walmart does not make this argument to absolve it of its obligations, but to explain why it believes the delay is excusable.

### D. Walmart Acted in Good Faith.

Walmart has acted as quickly as possible in filing this motion for an extension of time to answer. Walmart has not sought to gain any advantage by delay. In fact, after learning of the suit, Walmart offered to accept service on behalf of Flipkart to allow this suit to proceed toward a resolution.

### E. Under the More Lenient Standard of Rule 55, Walmart is Entitled to Relief.

As discussed above, not only has there been no bad faith, but Walmart has affirmatively demonstrated good faith by offering to accept service on behalf of Flipkart. And because Flipkart has not been served, WCC could not be prejudiced by any delay. Finally, while it is premature to discuss the merits of Walmart's defenses, Walmart, by WCC's own Complaint, did not have any interaction with WCC directly.

---

[2] A true and correct copy of the mailing received by Walmart from CT Corporation is attached to the Declaration of Hal S. Shaftel as **Exhibit A**.

## CONCLUSION

For the foregoing reasons, Walmart respectfully requests that its motion for an extension of time through May 15, 2019, to respond to WCC's complaint be granted.

Dated: New York, New York
April 15, 2019

**GREENBERG TRAURIG, LLP**

 /s/ Hal S. Shaftel
Hal S. Shaftel
Daniel Friedman
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: 212-801-9200
ShaftelH@gtlaw.com
FriedmanD@gtlaw.com

*Attorneys for Defendant Walmart Inc.*