USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
WOLET CAPITAL CORP.,                                              :
:
Plaintiff,                                     :
:                    18-cv-12380 (LJL)
-v-                                                  :
:                    MEMORANDUM AND
WALMART INC. and FLIPKART PRIVATE LTD.,                           :                    ORDER
:
Defendants.                                    :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     Defendants move to dismiss the Third Amended Complaint. Dkt. No. 60. Familiarity with the Court's prior Opinion and Order dismissing the Second Amended Complaint is assumed. *See* Dkt. No. 54. In the opinion, the Court explained its reasoning for dismissing Plaintiff's claims for breach of contract, quantum meruit, unjust enrichment, and promissory estoppel but granted Plaintiff leave to replead. It did so because, although the four corners of the Second Amended Complaint did not allege a writing that would establish a claim for breach of contract or quasi-contract in the face of the statute of frauds, Plaintiff suggested in its pleadings and at argument that it might have such a writing to support a new pleading that did not fail to state a claim.

     The Third Amended Complaint adds a single paragraph that does not contain any allegations of fact. *See* Dkt. No. 57 ¶ 2. It also attaches eight email chains. The Fourth Amended Complaint, like the Third Amended Complaint, contains no allegation of a writing pursuant to which Defendants agreed to engage WCC in a project of a defined scope or duration or that would establish, expressly or implicitly, that WCC would be paid for its services. The new emails and the facts alleged do not support the proposition that the services WCC performed

were services that would be performed by someone in the industry only if paid. No email discusses compensation, much less contains anything like an assurance from Flipkart that WCC would be compensated.

Plaintiff, in its opposition brief, at Dkt. No. 64, misunderstands the Court's earlier opinion. The Court did not dismiss the Second Amended Complaint because it did not attach the emails. It dismissed that complaint because its factual allegations did not state a claim for relief on any of the theories asserted by Plaintiff. The Court nonetheless granted Plaintiff an opportunity to amend because it asserted that it had writings that it had not alleged earlier but which might be able to support a claim. Plaintiff has now had that opportunity and its allegations still fail to state a claim for relief. It has had numerous opportunities to amend, and any further amendment would be futile. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("[I]t is within the sound discretion of the district court to grant or deny leave to amend. A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.") (internal citations omitted); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (repleading would be futile when the "problem with [the pleader's] causes of action is substantive"). The Fourth Amended Complaint is dismissed with prejudice substantially for the reasons laid out in the Court's earlier opinion which apply equally to the Third Amended Complaint.

The Clerk of Court is respectfully directed to terminate any pending motions and close the case.

SO ORDERED.

Dated: June 10, 2021  
      New York, New York                             LEWIS J. LIMAN  
                                                      United States District Judge